UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIA MORGAN WHITE,

            Plaintiff,

    v.

ANTHONY BLINKEN, et al.,

            Defendants.

Case No. 26-cv-01577-NW

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

Re: ECF No. 1

On February 23, 2026, Plaintiff Mia Morgan White ("Plaintiff"), proceeding *pro se*, filed an emergency petition for writ of mandate and a motion for a temporary restraining order ("TRO").[1] Motion, ECF No. 1; Petition, ECF No. 2.[2] Plaintiff's suit names former Secretary of State Anthony Blinken, former Secretary of the Treasury Janet Yellen, and Does 1-92 as Defendants. *See* Petition. Plaintiff's petition appears to assert three claims: (1) that the Department of State has violated 22 C.F.R. § 51.60 in failing to issue travel documents to individuals such as Plaintiff who have no disqualifications; (2) that Plaintiff "is being held in 'Administrative Detention' via a passport block based on a debt that was satisfied" several years ago; and (3) that local county officials "have intentionally manipulated federal databases to 're-set' this paid debt as a retaliatory measure for the Petitioner's exposure of a 92-person RICO enterprise." Petition, ECF No. 2.

---

[1] Though often TROs are accompanied by a hearing, *see* Fed. R. Civ. P. 65, the Court has determined that this matter is suitable for resolution without oral argument. Civil Local Rule 7-1(b).

[2] Because the Plaintiff opened her case and filed her motion at the same time, it appears that her motion was docketed before the initiating documents, so the motion is the very first ECF filing on the docket.

United States District Court
Northern District of California

United States District Court
Northern District of California

Concurrent with her complaint, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). ECF No. 3. That application remains pending and the Court will address it in the regular course of its business.

A temporary restraining order preserves the status quo and prevents irreparable harm until a hearing can be held on a preliminary injunction application. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). A temporary restraining order is an "extraordinary remedy" that the court should award only when a plaintiff makes a clear showing that he is entitled to such relief. *See Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 24 (2008). A plaintiff must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm that will result if an injunction is not issued, (3) the balance of equities tips in favor of the plaintiff, and (4) an injunction is in the public interest. *See Winter*, 555 U.S. at 20. The irreparable injury must be both likely and immediate. *See id*. at 22; *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.").

In her motion for a TRO, Plaintiff seeks to:

- Immediately Clear the "Debt Flag" in the Financial Management Service (FMS) system.
- Issue/Renew Passport No. [REDACTED] without further delay.
- Initiate a federal audit into the manual entry logs of the San Mateo/San Francisco HSA.

*See* Petition. Plaintiff does not explain why she is entitled to the extraordinary relief provided by a TRO. She only indicates that she is in "Administrative Detention," so the Court presumes that her concern is to her liberty interests. Nevertheless, Plaintiff has not adequately alleged or demonstrated a likelihood of success on the merits, imminent harm, or demonstrated immediate threatened injury. Nor does it appear that Plaintiff has filed her action against the right defendants,

\\

\\

\\

2

namely the specific individuals and/or agencies that have caused and continue to cause her injury. Accordingly, Plaintiff's motion for a TRO is DENIED.

**IT IS SO ORDERED.**

Dated: February 25, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

3